UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


TERRY L. FISH

                                        CASE No. 8:16-CV-3237-T-27TGW

v.

BANK OF AMERICA



REPORT AND RECOMMENDATION

The plaintiff has filed an affidavit of indigency pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for his complaint.  He alleges that Bank of America violated the credit card agreement for overdraft protection (Doc. 1).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's complaint does not comply with the Federal Rules of Civil Procedure.  Specifically, Rule 8, F. R. Civ. P., directs that a pleading contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for

relief. The plaintiff alleges that Bank of America "violated the credit card agreement for overdraft protection," but he does not identify a cause of action–i.e., the federal, state, or common law that was allegedly violated by Bank of America. Thus, he has not stated a claim showing he is entitled to relief. Furthermore, the factual allegations underlying the alleged violation are confusing, and are not set forth in compliance with Rule 10(b), F. R. Civ. P., which requires the plaintiff to "state [his] claims...in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Additionally, because the legal basis for the action is unknown, there is no basis stated for this court's jurisdiction. The plaintiff states under "Jurisdiction" that Bank of America "is within the Federal reserve banking system" (Doc. 1, p. 1). However, that assertion does not state a cause of action. Moreover, if the complaint is premised upon a violation of state law, the plaintiff must include allegations which support diversity jurisdiction. 28 U.S.C. § 1332(a)(1)("the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States").

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint is defective and fails to state a claim on which relief may be granted. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). In this circumstance,

however, it is appropriate to permit the plaintiff to file an amended complaint. <u>See</u> <u>Troville</u> v. <u>Venz</u>, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an <u>in forma pauperis</u> complaint without allowing leave to amend as permitted under Rule 15, F.R. Civ. P.). I therefore recommend that the complaint be dismissed, but allow the plaintiff to file within thirty days an amended complaint that states a claim for relief, in compliance with the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS G. WILSON
DATED: NOVEMBER 23, 2016   UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).