UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY L. FISH,

    Plaintiff,

v.                                      Case No: 8:16-cv-3237-T-27TGW

BANK OF AMERICA,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge recommending that Plaintiff's Complaint (Dkt. 1) be dismissed, with leave to file an amended complaint within 30 days (Dkt. 4). Plaintiff, proceeding *pro se*, did not file objections to the Report and Recommendation, but did timely file an Amended Complaint (Dkt. 5).

The Report and Recommendation recommended that the original complaint be dismissed because it failed to state a cause of action and because there was no basis stated for federal subject matter jurisdiction. Federal courts are "'courts of limited jurisdiction,'" possessing "'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). As the party invoking federal subject matter jurisdiction, Plaintiff bears the burden "of presenting a *prima facie* case that jurisdiction exist[s]." *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1313 (11th Cir. 2009). "A federal court must inquire *sua sponte* into the issue whenever it appears that jurisdiction may be lacking." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

In the original and amended complaints, Plaintiff alleges that subject matter jurisdiction is

proper because Defendant is a member of the Federal Reserve Banking System. (*See* Dkts. 1, 5). That allegation does not state the basis for subject matter jurisdiction. While national banks could sue and be sued in federal courts by virtue of their status for a period in the 19th century, Congress abolished that status in 1882, and placed national banks on the same footing as other entities. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 309–10 (2006). And in the Amended Complaint, Plaintiff has expressly disclaimed diversity jurisdiction (*see* Dkt. 5). A review of the allegations, which concern overdraft protection, do not reveal a basis for federal question jurisdiction. (*See id.*, Dkt. 1).[1] This case must be therefore dismissed for lack of subject matter jurisdiction.[2]

Accordingly,

1) The Report and Recommendation (Dkt. 4) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) This action is **DISMISSED** *without prejudice* for failure to invoke federal subject matter jurisdiction.

3) The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 22nd day of December, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Unrepresented Party

---

[1] *Cf. White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1358 (N.D. Ga. 2008) (plaintiffs stated *state law* claims against bank for improper overdraft charges).

[2] While a *pro se* plaintiff must be granted at least one opportunity to amend his complaint before dismissal with prejudice, *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991), Plaintiff has been granted one opportunity to amend, and the dismissal will be without prejudice because it is for lack of jurisdiction.